IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUNELLE HAUTH,<br><br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendant. | CASE NO. C08-3025MWB<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON AN ADMINISTRATIVE RECORD** |

**TABLE OF CONTENTS**

**I. INTRODUCTION** ................................................................................................ **2**

**II. FACTUAL AND PROCEDURAL BACKGROUND** ........................................... **3**

**III. ARGUMENT** ..................................................................................................... **7**

    **A.**     **Prudential's Denial of Benefits Is Subject To Review For An Abuse Of Discretion.** ................................................................................................ **7**

    **B.**     **Prudential Reasonably Relied On The Employer-Confirmed Provision Of Notice To Mr. Hauth Of His Conversion Privilege To Deny Plaintiff's Claim For Benefits.** ................................................................................................ **8**

    **C.**     **The Plan's Conversion Period Is Not Subject To Equitable Tolling, But Even If It Were, There Is Insufficient Evidence To Support Tolling.** ................................................................................................ **10**

**IV. CONCLUSION** ................................................................................................ **13**

# I. **INTRODUCTION**

Defendant The Prudential Insurance Company of America ("Prudential") seeks judgment dismissing Plaintiff Junelle Hauth's Complaint with prejudice. Plaintiff seeks approximately $74,000 in life insurance benefits under an ERISA-governed group life insurance contract purchased by her husband's employer, Verizon, to provide benefits under an employee benefit plan established by Verizon.

Mr. Hauth died on May 18, 2006, forty-one days after the April 7, 2006 termination of his employment by Verizon, and ten days after the May 8, 2006 deadline to convert his coverage to an individual contract by submission of an application and payment of the first premium. Because notice of the conversion privilege was given on April 8, 2006, according to claim form typed and signed by his employer (a fact both ignored by Plaintiff and uncontradicted by any evidence), Mr. Hauth's deadline to secure individual life insurance was May 8, 2006, which is the specified latter of thirty-one days after the termination of employment and fifteen days after any written notice is given of the conversion privilege. It is undisputed that Mr. Hauth did not exercise his conversion privilege by that date. Because Prudential both reasonably relied on the uncontradicted evidence from the employer, and followed the terms of the plan, its denial of benefits cannot be set aside as an abuse of discretion.

Plaintiff alternatively argues that even if Mr. Hauth did receive notice from his employer of his conversion privilege, his alleged lack of capacity tolls the running of this conversion privilege until his wife could later act. This argument is not only contrary to the terms of the plan, which must be enforced, it is unsupported by the evidence. Indeed,

within ten days of his April 2006 termination of employment, Mr. Hauth signed a group disability insurance electronic funds transfer authorization, which was submitted to Prudential. Ultimately, the difficult circumstances surrounding Mr. Hauth's death are not a legal basis for the benefits that Plaintiff seeks in this lawsuit.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As Plaintiff alleges, Mr. Hauth was an employee of Verizon and its predecessor in interest, MCI, and was covered under a group life insurance policy issued by Prudential and governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. *See* Complaint, ¶ 5.

Under the group policy, there is a death benefit during the conversion period, which, as applicable here, is the specified period of time after termination of employment during which the terminated employee may purchase (convert to) individual coverage. Specifically:

> A death benefit is payable . . . if you die:
>
> (1) within 31 days after you cease to be a Covered Person; and
>
> (2) while entitled . . . to convert your Employee Term Life Insurance under this Coverage to an individual contract.

Administrative Record, p. 44 (docket # 14).

As relevant here, the conversion privilege is the **latter** of the thirty-first date after Mr. Hauth's termination of employer or the fifteenth day after any notice from the employer of the conversion privilege, provided, however, that in no event

may the conversion privilege extend beyond ninety-two days after termination of employment. Specifically:

> If you cease to be insured for the Employee Term Life Insurance of the Group Contract for one of the reasons stated below, you may convert all or part of your insurance under this Coverage, which then ends, to an individual life insurance contract. Evidence of insurability is not required. The reasons are:
>
> (1) Your employment ends . . .
>
> Any such conversion is subject to the rest of this Section C.
>
> **Availability:** You must apply for the individual contract and pay the first premium by the later of:
>
> (1) the thirty-first day after you cease to be insured for the Employee Term Life Insurance; and
>
> (2) the fifteenth day after you have been given written notice of the conversion privilege. But, in no event may you convert the insurance to an individual contract if you do not apply for the contract and pay the first premium prior to the ninety-second day after you cease to be insured for the Employee Term Life Insurance.

*Id.*

On June 26, 2006, Prudential received a letter from Plaintiffs' counsel to Prudential dated June 20, 2006, which, as his letter states (p. 2), encloses a [four-page] "group life insurance claim form completed [and signed] by Carol Dunkel of MCI/Verizon [that was] provided to us with instructions to file with Prudential." Administrative Record, p. 8 (docket # 14). Apart from the undisputed terms of the group policy,[1] and the law, the claim form completed and signed by Mr. Hauth's employer and

---

[1] Those terms include the following: "The Prudential Insurance Company of America as

4

submitted by Plaintiff's counsel to Prudential contains all or nearly all of the information needed to decide this lawsuit. Administrative Record, pp. 3-6.

The second page of the claim form states that Mr. Hauth's employment with Prudential terminated on April 7, 2006 ("4/7/06") and the third page of the claim form states that Mr. Hauth's "insurance [was] terminated" on "04-07-2006," and that the "conversion privileged [was] offered" to him on " 04-08-2006." Administrative Record pp. 4-5.

Based on the facts as reported by the employer, and transmitted by Plaintiff's counsel to Prudential, because notice of the conversion privilege was given to Mr. Hauth on April 8, 2006, the conversion period ran on the latter of thirty-one days after his April 7, 2006 termination or fifteen days after receipt of written notice, which was May 8, 2006, thirty-one days after his termination of employment. It is undisputed that Mr. Hauth did not exercise his conversion privilege by submitting the necessary application and required payment of premium.

Since Plaintiff's counsel's delivery of the signed employer claim form, Plaintiff has submitted no evidence regarding the employer's notice to Mr. Hauth of the conversion privilege. Plaintiff's counsel disputes the employer's provision of notice on April 8, 2006, but Plaintiff has submitted no evidence from any source to contradict the employer's signed statement that the conversion privilege was offered to Mr. Hauth on

---

Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." Administrative Record, p. 41.

5

April 8, 2006. Prudential relied on this substantial and uncontradicted evidence from the employer. *See, e.g.,* Administrative Record, p. 30 ("ER [employer offered conversion privilege on 4/8/06 per ER [employer]").

Plaintiff's Complaint alternatively alleges that even if Mr. Hauth received notice from his employer of his conversion privilege, his alleged lack of capacity tolls the running of this conversion privilege until his wife could later act. *See* Complaint, ¶ 12. Plaintiff does not rely on any policy or plan language to support this tolling argument.

In apparent pursuit of a lack of capacity argument, Plaintiff sought discovery in this case of Prudential's claims files relating to Plaintiff's disability benefits. *See, e.g.,* Request Nos. 20-21 in Defendant's Responses to Plaintiff's Request for Production of Documents, Exhibit A to the Affidavit of Timothy E. Branson. But the information from those files suggests something other than continuous incapacity in April 2006. On April 17, 2006, ten days after Mr. Hauth's formal termination of work, and nine days after he was offered his conversion privilege, Mr. Hauth signed a Group Disability Insurance Electronic Funds Transfer Authorization, which was submitted to Prudential, along with a blank check for Mr. Hauth's checking account. *See* pages 11-12 from the 60-page long term disability file produced to Plaintiff's counsel on January 29, 2009, Branson Aff. ¶ 3 and Exhibit B thereto. Plaintiff does not explain how Mr. Hauth was able to do this, but unable to apply for conversion coverage and make an initial premium payment.

## III. ARGUMENT

A. **Prudential's Denial of Benefits Is Subject To Review For An Abuse Of Discretion.**

Where, as here, Prudential is expressly given "sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits," Administrative Record, p. 41, this Court must review its denial decision for abuse of discretion. *Shelton v. ContiGroup Companies, Inc.,* 285 F.3d 640, 642 (8th Cir. 2002). Prudential's fact-based decisions must be upheld if a reasonable person could find them adequately supported by the evidence on the record. *Donaho v. FMC Corp.,* 74 F.3d 894, 900 (8th Cir. 1996), abrogated on other grounds by *Black & Decker Disability Plan v. Nord,* 538 U.S. 822 (2003). Provided that Prudential's findings are reasonable, they may not be displaced upon review even if the court might have reached a different result had the matter been before it *de novo. Id.*

Plaintiff argues for *de novo* review, claiming procedural malfeasance by Prudential because, according to Plaintiff, "[t]he administrative record upon which Prudential denied benefits is seriously lacking in evidence that such a notice was ever given to Marvin Hauth. Prudential assumes that a notice was given. Prudential refused to undertake any factual investigation." Plaintiff's Brief, p. 9.[2] The fundamental problem with this argument is that, like the rest of Plaintiff's Brief, it completely ignores the employer-signed claim form that Plaintiff's counsel himself submitted to Prudential,

---

[2] Any suggestion that Prudential should have conducted a detailed investigation of the capacity of Mr. Hauth during the conversion period is inconsistent with the fiduciary's obligation to decide claims according to the terms of the plan. *See* 29 U.S.C. 1104(a)(1)(D). Plaintiff's lack of capacity argument is not based on the terms of the plan.

7

which states that the conversion privilege was offered to Mr. Hauth on April 8, 2006. *See* Administrative Record, pp. 4-8. Prudential relied on the employer-signed claim form to find that notice was given to Mr. Hauth, which is eminently reasonable because it is the employer that provides such notice. In the nearly three years since Plaintiff submitted the employer-signed claim form to Prudential, it remains uncontradicted by any evidence from the employer, or Mr. Hauth. Instead, Plaintiff's counsel relies only on his own unsupported assertions and stray comments by Prudential personnel without reference to the claim form.

In short, there is no malfeasance or other irregularity by Prudential that would support less than deferential review. Prudential's decision is the result of reasonable reliance on employer-provider information, not "the product of an arbitrary decision or . . . whim," which would warrant a less deferential standard of review. *Barnhart v. UNUM Life Ins. Co.,* 179 F.3d 583, 589 (8th Cir.1999). Likewise, deferential review remains, even though the Court may weigh as a factor Prudential's role as underwriter and claims administrator. *See Metropolitan Life Ins. Co. v. Glenn,* 128 S.Ct. 2343, 2346 (2008). *See also Barnhart,* 179 F.3d at 588 ("ERISA itself contemplated the use of fiduciaries who might not be entirely neutral").

**B.    Prudential Reasonably Relied On The Employer-Confirmed Provision Of Notice To Mr. Hauth Of His Conversion Privilege To Deny Plaintiff's Claim For Benefits.**

Plaintiff does not dispute that if Verizon provided Mr. Hauth with notice on April 8, 2006 of his conversion privilege, then Plaintiff is not entitled to life insurance benefits under the terms of the group life insurance at issue. Here, Prudential reasonably relied on

the signed statement of the employer that notice of the conversion privilege was provided on April 8, 2006. This is especially true given the complete absence of any other evidence to the contrary. Plaintiff's counsel makes arguments, but the evidence from Verizon is that the conversion privilege was offered to Mr. Hauth on April 8, 2006, meaning he had to exercise his conversion right by May 8, 2006, thirty-one days after termination of his employment, which he failed to do. Judgment for Prudential is required, despite the natural sympathy that one feels for Ms. Hauth. *Canada Life Assurance Company v. Estate of Lebowitz,* 185 F.3d 231, 235, 238 (4th Cir. 1999), does nothing to help Plaintiff here.[3] In that case, unlike here, there was no evidence that the employer had provided notice of the conversion privilege, even though the employer had evidence of such notice with respect to health insurance, as mandated by COBRA, 29 U.S.C. §§ 1161, 1166, which does not apply to life insurance.

Because Plaintiff and her counsel were aware in June of 2006, soon after Mr. Hauth died, that a Verizon benefits administrator, Carol Dunkel, had signed a claim form in May 2006 indicating that Verizon had provided notice to Mr. Hauth in early April of his conversion privilege, Plaintiff also raised the argument that Mr. Hauth's alleged incapacity results in tolling or extension of the conversion privilege, until Ms. Hauth could act. Although this is an argument for the Court, rather than the plan fiduciary,

---

[3] Plaintiff's citation to several state law cases is also off the mark. As Plaintiff recognizes, *see* Plaintiff's Brief at 9, those cases address state statutes specifying and detailing the required conversion notice, but no state statute is implicated here. Only the terms of the plan are at issue here, which is an important fact in assessing Plaintiff's tolling argument.

because it is not based on ERISA or the terms of the plan, *see* 29 U.S.C. § 1104(a)(1)(D), this argument fails as a matter of law.

C.  **The Plan's Conversion Period Is Not Subject To Equitable Tolling, But Even If It Were, There Is Insufficient Evidence To Support Tolling.**

Plaintiff cites two cases in support of her tolling argument, one that is critically off point because it involves tolling of a statutory notice period, based in part on Congressional intent and proposed Treasury Department regulations, *see Branch v. G. Bernd Company,* 955 F.2d 1574, 1581 (11th Cir. 1992), and one that has been reversed. *Jefferson v. Reliance Standard Life Ins. Co.,* 818 F.Supp. 1523 (N.D. Fla. 1993, *rev'd* without opinion, 85 f.3d 642 (11th Cir. 1996). Neither case supports the claimed right to tolling of the plan's plain language concerning exercise of conversion privilege. Indeed, the law is to the contrary.

Within the last six weeks, a federal district court has addressed the availability of tolling to extend or toll an ERISA plan's conversion language, concluding that equitable tolling is legally unavailable. *See DiPenti v. Nationwide Benefits Administrative Committee*, 2009 WL 778247, *4-5 (S.D. Ohio 2009), Branson Aff. Ex. C. In words that could have largely been written for this case, including the thirty-one day period wherein the terminated employee "must apply for the individual contract and pay the first premium," the court stated, in part, as follows:

> Plaintiffs assert that under ERISA, it is within this Court's power and discretion to toll the conversion period provided for by the Plan. . . .
>
> This Court is not aware of, and Plaintiffs do cite to, any Plan language that requires Defendant to extend Mr. Bodi's conversion privilege in the event of his incompetence. Rather, the Plan specifically provides that Mr. Bodi

10

> "must" make a written application to convert the Policy, along with his first premium payment, within 31 days of his termination from Nationwide. The Plan contains no provisions that suggest express deadlines may be extended in the event of incapacity. Thus, the plain language of the Plan required Mr. Bodi to seek conversion of his policy within 31 days of termination, regardless of incapacity. Plaintiffs admit he failed to do this.
>
> * * *
>
> Although federal courts have expressed a willingness to apply equitable tolling principles to statutorily prescribed time limits due to an individual's incapacity or incompetence, *see Branch v. Bernd Co.*, 955 F.2d 1574, 1581 (11th Cir. 1992), Sixth Circuit case law, as discussed above, strongly suggest that equitable tolling principles should not be applied "to alter the express terms of written benefit plans." *Health Cost Controls v. Isbell,* 139 F.3d 1070, 1072 (6th Cir. 1997). Here, the Plan expressly provides the time period for making an election from group to individual coverage is 31 days from termination. The Plan contains no provisions for equitable tolling in the event of the participant's incapacity. Were this Court to apply principles of equitable tolling in this case, it would undermine the express written terms of the plan.

*DiPenti*, 2009 WL 778247 at*4-5. *See also Baptist Memorial Hospital v. Marsaw,* 2000 WL 222574, *1 (6th Cir. 2000) (rejecting *Branch* as applied to claimed tolling of a plan limitation provision), Branson Aff. Ex. D.

The Eighth Circuit has long shared the view expressed above about the primacy of plan language in ERISA cases. *See, e.g., Eide v. Grey Fox Technical Services Corp.*, 329 F.3d 600, 607 (8th Cir. 2003) ("Oral statements are unenforceable under ERISA when they amend or supersede contradictory terms in an ERISA plan."). A district court in the Eighth Circuit has also recently rejected the idea of equitable tolling or suspension of ERISA's exhaustion requirement due to mental incapacity. *See Dylla v. Aetna Life Ins. Co.,* 2008 WL 5382363, *2 (D.Minn. 2008) (Branson Aff. Ex. E) ("Dylla argues that

mental incapacity should be recognized by the Court as an exception to the ERISA exhaustion rule. (Mem. in Opp'n at 13-16.) This proposed exception however, has not been recognized by the Eighth Circuit or the Supreme Court. Indeed, Dylla has not cited, and this Court has not found, any federal case acknowledging a mental-incapacity exception to the ERISA exhaustion rule. Therefore, this Court declines the invitation to create such an exception in this case.").

This Court too should reject the invitation to apply tolling principles to alter clear plan language that is not statutorily mandated. The plan's language is to be enforced and applied by the fiduciaries. Non-plan tolling arguments are completely inconsistent with the fiduciary's role to follow ERISA and the terms of the plan. 29 U.S.C. § 1104(a)(1)(D). Quite simply, tolling is inconsistent with ERISA's administrative scheme. Moreover, any application of tolling principles in these circumstances without legislative authorization would be hard to contain or limit. If conversion were subject to tolling, what about the exhaustion requirement as in *Dylla*? What about ERISA-governed disability plans, where incapacity is a basis for benefits, but should not be a basis to override plan language. Ultimately, the difficult and sympathetic circumstances that Plaintiff finds herself should not be used to adopt a questionable legal proposition not subject to reasonable limit. Mr. Hauth failed to exercise his conversion privilege after timely notice by Verizon, which, under the terms of the plan, defeats Plaintiff's claim.

Finally, even if tolling were a legal possibility, there is insufficient evidence here of "incapacity" throughout the conversion period. Indeed, according to Plaintiff's correspondence, his March 2006 mental status exam report includes that his "judgment is

fair, insight is fair, intelligence is average." Administrative Record, p. 25. There is also no expert opinion of incapacity. More importantly, Mr. Hauth's April 17, 2006 signature on a disability insurance form submitted to Prudential precludes a finding of the requisite severe incapacity necessary to support any possible application of tolling principles. *See* Branson Aff. Ex. B.

## IV. CONCLUSION

For the foregoing reasons, Prudential respectfully request that the Court enter judgment, dismissing Plaintiff's Complaint with prejudice.

Dated: May 1, 2009

s/ Timothy E. Branson
Angela E. Dralle (AT0002077)
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 3900
Des Moines, Iowa 50309
Tel: (515) 283-1000
Fax: (515) 283-1060
Email: dralle.angela@dorsey.com

Timothy E. Branson
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Tel: (612) 343-7920
Fax: (612) 340-8856
Email: branson.tim@dorsey.com

**ATTORNEYS FOR DEFENDANT
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 1, 2009, the foregoing instrument was electronically filed with the Court using the CM/ECF system and served upon all parties to the above case:

**By:**  Electronic Service **AND**

PAPER COPIES TO:

Clerk of the United States District Court
   For the District of Iowa
4200 C Street SW
Cedar Rapids, IA  52404

/s   Timothy E. Branson